Filed 1/28/26  P. v. Ramirez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOSHUA ISAIAH RAMIREZ,<br><br>　　Defendant and Appellant. | D085680<br><br><br><br>(Super. Ct. No. SCS328090) |

APPEAL from an order of the Superior Court of San Diego County, Maryann D'Addezio, Judge.  Affirmed.

Kirstin M. Ault, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Joshua Isaiah Ramirez appeals from a restitution order following his guilty plea to battery with serious bodily injury (Pen. Code, § 243, subd. (d)).[1] His court-appointed counsel filed a brief raising no issues but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

---

1　　Subsequent undesignated statutory references are to the Penal Code.

We informed Ramirez of his right to file a supplemental brief, but he did not respond. Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 8, 2024, Ramirez pled guilty to one count of battery with serious bodily injury (§ 243, subd. (d)). In exchange for pleading guilty, the People agreed to dismiss the allegation Ramirez personally inflicted great bodily injury on the victim (§ 1192.7, subd. (c)(8)).

On July 9, 2024, the trial court sentenced Ramirez pursuant to the plea agreement to two years of formal probation, with the condition he serve 90 days in county jail and a recommendation for participation in the Sheriff's Work Furlough program. The court reserved jurisdiction on restitution for a future hearing, for which Ramirez waived his presence.

At the contested restitution hearing on January 29, 2025, the victim testified and requested $5,580 in restitution. The $5,580 amount consisted of $4,470 for lost wages, $750 for medical expenses, $160 for damaged property, and $200 for late rent fees. The victim stated the amounts were estimates, and he did not provide any receipts. Based on the victim's testimony, the court awarded $5,580 in restitution.

Ramirez timely appealed.

## DISCUSSION

Ramirez's appellate counsel filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738. Counsel included a statement of the case and facts but argued no grounds for reversal of the judgment. Counsel asked this court to independently review the record for error. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error: 1) Whether the trial court

2

abused its discretion by ordering restitution based solely on the victim's testimony; and 2) Whether there was sufficient evidence to support the amount of restitution ordered.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Ramirez in this appeal.

DISPOSITION

The judgment is affirmed.


McCONNELL, P. J.

WE CONCUR:


IRION, J.


HUFFMAN, J.*

---

\*     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.